UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL D. CROOK, JR.,

    Plaintiff,

    v.                        CAUSE NO. 3:20-CV-757-RLM-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Michael D. Crook, Jr., a prisoner without a lawyer, filed a complaint against three defendants. ECF 1. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Crook's complaint alleges that while he was sitting in his cell on January 24, 2019, he smelled smoke. ECF 1 at 2. He says the fire alarm went off and his cell house quickly filled with smoke. Id. Mr. Crook and several other inmates yelled for an officer to open the cell doors, windows, and turn on the fans. Id. He says no one came to his side of the cell house for over an hour and it became so smoky that he couldn't see his hand in front of his face. Id. Mr.

Crook alleges that the electricity, water, toilets, and fans were all shut off, and the entrances were closed. *Id.* He states that hours passed where he and other inmates sat in thick smoked-filled, poorly vented cells with no help. *Id.* Mr. Crook alleges that he had his towel wrapped around his face to block the smoke but because the smoke was so thick he had to lay down and was later told he had passed out. *Id.* Eight hours passed. *Id.* He says an inmate near him called a signal and when the officers arrived, he was nonresponsive lying on the floor limp with his hands hanging out of his cell bars. *Id.* Mr. Crook states he was initially taken to the sally port and then to the medical unit where he again passed out. *Id.* at 3. He further asserts that Sergeant Gordon ordered her staff not to help any of the inmates on his side of the cell house. *Id.* at 3.

Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotation marks and citations omitted). However, a prison official only violates the Eighth Amendment if he is deliberately indifferent to conditions posing a substantial risk of serious harm. *Id.* at 834-35. Deliberate indifference is comparable to criminal recklessness and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer v. Brennan, 511 U.S. at 837. A defendant must have "actual knowledge of impending harm easily preventable, so that a

2

conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Wells, 599 F.3d 749, 756 (7th Cir. 2010) (quotation marks and citation omitted). Prison officials aren't expected to eliminate the possibility of all dangers. McGill v. Duckworth, 944 F.2d 344, 345 (7th Cir. 1991). Giving Mr. Crook the inferences to which he is entitled at this stage of the proceedings, he has stated a claim of deliberate indifference against Sergeant Gordon.

Mr. Crook has also sued Warden Ron Neal and Deputy Warden George Payne. A lawsuit against an individual pursuant to § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." Palmer v. Marion Cty., 327 F.3d 588, 594 (7th Cir. 2003). And there is also no general *respondeat superior* liability under 42 U.S.C. § 1983. Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). Because Warden Neal and Deputy Warden Payne were not personally involved in the incident and can't be held liable simply because they oversee the operation of the prison or supervise correctional officers, Mr. Crook can't proceed against them.

For these reasons, the court:

(1) GRANTS Michael D. Crook, Jr. leave to proceed against Sergeant Gordon in her individual capacity for monetary damages, for failing to take reasonable measures to ensure his safety when a fire broke out in his cell house on January 24, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Ron Neal and Deputy Warden George Payne;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sergeant Gordon at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of the defendant, if he does not waive service, if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sergeant Gordon respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 3, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT